NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL LOPEZ, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> GARCIA APARTMENTS, LLC, a California Limited Liability Company; ARCADIO CASTILLO, <br><br> Defendants-Appellees. | No.  15-55422 <br><br> D.C. No. 2:14-cv-03315-AB-PLA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted January 13, 2017[**]
Pasadena, California

Before:  TROTT, McKEOWN, and WATFORD, Circuit Judges.

Daniel Lopez appeals the district court's decision to reduce the lodestar

attorneys' fees amount by 80% in Lopez's successful action against Garcia

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Apartments, LLC and Arcadio Castillo (collectively "Garcia Apartments") under the Americans with Disabilities Act and California's Unruh Civil Rights Act. We have jurisdiction under 28 U.S.C. § 1291, and we review the fee award for abuse of discretion, *Armstrong v. Davis*, 318 F.3d 965, 970 (9th Cir. 2003).

Contrary to Lopez's assertion, the district court did not penalize him for failing to make a revised settlement offer or file an earlier summary judgment motion. In analyzing the well-recognized factors of "the time and labor required" and "the amount involved and the results obtained," *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983), the court listed these actions as examples that could have shown Lopez was trying to "expedite a resolution" of this straightforward case. Overall, the court properly relied on the larger picture of unnecessarily protracted litigation where Garcia Apartments quickly fixed the problems identified in the complaint and only the claim for statutory damages remained.

On the other hand, it would be improper to consider Garcia Apartments' financial condition when determining the fee award, and Garcia Apartments cites no authority that permits a reduction based on a defendant's ability to pay. Because the district court did not isolate the amounts based on the reasons given and because we cannot determine if this rationale even affected the amount of fees

2

awarded, we vacate and remand on this basis alone, without prejudice to the district court exercising its discretion to determine the appropriate award based on the permissible grounds for reducing fees.

**VACATED AND REMANDED.**

Each party shall bear its own fees and costs on appeal.